# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY CREW<br>14 W. Victory Drive, #B<br>Hamilton, OH 45013 | : <br> : <br> : | Case No: 1:21-CV-662 <br><br> Judge _____ |
| Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | **PLAINTIFF'S COMPLAINT WITH JURY DEMAND ENDORSED** |
| GREAT MIAMI VALLEY YOUNG MEN'S CHRISTIAN ASSOCIATION<br>105 N. 2nd Street<br>Hamilton, OH 45011 | : <br> : <br> : <br> : <br> : | **HEREON** |
| Defendant. | : | |

## PARTIES

1. Plaintiff Kimberly Crew is a citizen and resident of the State of Ohio.

2. Defendant Great Miami Valley Young Men's Christian Association ("YMCA") is an Ohio non-profit organization with its headquarters in Hamilton, Ohio.

3. Defendant is an employer within the meaning of federal and Ohio law.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Defendant transacts business in this division and district.

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964 as amended.

6. This Court also has supplemental jurisdiction over Plaintiff's state law claims in

Counts I and II pursuant to 28 U.S.C. §1367 on the grounds that Plaintiff's state law claims are so related to her federal claims over which this Court has original jurisdiction that they form part of the same case or controversy.

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. The EEOC issued Plaintiff a notice of rights dated July 14, 2021.

9. Venue is proper in this Southern District of Ohio Western Division pursuant to 28 U.S.C. §1391 (b) because Defendant employed Plaintiff in this Division and District, and the events giving rise to these claims occurred within this Division or District.

## FACTUAL ALLEGATIONS

10. Plaintiff Kimberly Crew is an African American female.

11. Defendant hired Plaintiff in July 2018 as an employee in the Child Care and Day Camp Department at its Booker T. Washington Community Center at a pay rate of $9.06 per hour.

12. Defendant employed Plaintiff as a teacher at its Booker T. Washington Community Center pre-school program site.

13. Before she was hired by Defendant, Plaintiff had nine years of experience working as a teacher or educator of children of various ages, including children ages 18 months to 12 years.

14. Before she was hired by Defendant, Plaintiff accumulated and documented over 200 training hours on continuing education topics relevant to the programs of the YMCA's Child Care and Day Camp Department.

15. At all times relevant to this Complaint, Plaintiff was a dedicated and competent employee.

16. In September 2019, Plaintiff requested a pay increase from Defendant.

17. Plaintiff requested a pay increase that would bring her pay to a pay level to $12.00 per hour.

18. Plaintiff requested an hourly pay rate that would be comparable to other employees performing her job duties in the Defendant's Child Care and Day Camp Department.

19. After requesting a pay increase, Defendant told Plaintiff that the pay raise she requested was denied.

20. In October 2019, Defendant hired Ms. Maranda Fowler as an employee in the Child Care and Day Camp Department.

21. Defendant employed Ms. Maranda Fowler as a teacher at its Booker T. Washington Community Center pre-school program site.

22. Ms. Maranda Fowler was paid a rate of $9.50 per hour.

23. Ms. Maranda Fowler is a Caucasian female. Defendant has engaged in a pattern and practice of paying African American employees less than Caucasian employees for similar work.

24. Ms. Fowler's hourly pay rate was higher than the hourly rate then being paid to Plaintiff.

25. As of October 2019, Ms. Fowler had no experience teaching children aged 3 to 5 years old.

26. As of October 2019, Ms. Fowler and Plaintiff had comparable professional

qualifications.

27. On or about November 20, 2019 Plaintiff complained toDefendant that she was aware of the pay difference between herself and Fowler. Plaintiff also told Defendant that, "I believe this is race base discrimination."

28. Defendant increased Plaintiff's pay rate to $9.42 per hour in December of 2019.

29. In January 2020, Defendant offered Plaintiff a new position entitled "Co-Administrator" at its Booker T. Washington Community Center.

30. In January 2020 Defendant increased Plaintiff's hourly pay rate to $10.75.

31. Defendant never provided Plaintiff with a Co-Administrator job description.

32. After February 6, 2020 Plaintiff requested that Defendant identify her job title as Lead Teacher, because her pay rate was consistent with that classification.

33. Defendant's paid Site Administrators an hourly rate that ranged between $11.44 an hour and $18.51 per hour.

34. As of February 6, 2020 Defendant employed no teachers or early learning center employees in a full-time capacity at the Booker T. Washington location other than Plaintiff.

35. Defendant uses the job title "Lead Teacher" in its employee management procedures to identify employees at the Booker T. Washington Community Center and other early learning center or day care locations it administers within its Child Care and Day Camp Department.

36. Defendant uses the job title "Site Administrator" in its employee management procedures to identify employees at the Booker T. Washington Community Center and other sites it administers within its Child Care and Day Camp Department.

37. Defendant uses the job title "Assistant Teacher" in its employee management

procedures to identify employees at the Booker T. Washington Community Center and other sites it administers within its Child Care and Day Camp Department.

38. As of February 13, 2020 Defendant's human resource management documents listed Plaintiff as a "Site Administrator."

39. As of March 19, 2020, a Stay at Home Order was put in place by the State of Ohio and Defendant closed its Booker T. Washington Community Center site.

40. On August 5, 2020 Defendant told Plaintiff to return to work as an Assistant Teacher at a location other than the Booker T. Washington Community Center.

41. Assistant Teacher is the lowest paying position within the Defendant's Child Care and Day Camp Department.

42. On August 10, 2020 Plaintiff informed Defendant that she would no longer work for the YMCA.

43. Defendant operates over twenty child care or day care sites in Butler County, Ohio.

44. During all times relevant to the allegations in this complaint, the Defendant was subject to the Ohio regulations and program standards set forth in Chapter 5101:2-17 of the Administrative Code.

## COUNT I

### (Race Discrimination – Title VII and Ohio Law – ORC Chapter 4112)

45. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

46. Plaintiff is African American and was fully qualified for her position at all relevant times.

47. Defendant discriminated against Plaintiff on the basis of her race by treating her less favorably than a similarly situated Caucasian employee because of her race in violation of Title VII and Ohio law. Defendant has engaged in a pattern and practice of paying African American employees less than Caucasian employees for similar work.

48. Defendant's actions were intentional, willful, wanton malicious and/or in reckless disregard to Plaintiff's rights.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and damage for which she is entitled to recovery under Title VII and Ohio law, O.R.C. § 4112.

## COUNT II

### (Title VII and Ohio Retaliation)

50. Plaintiff engaged in protected activity by complaining that Ms. Fowler earned more than her.

51. Defendant retaliated against Plaintiff following her protected activity.

52. Defendant's retaliatory acts include: demanding unnecessary continuing education classes prior to receiving a pay increase; threatening to reduce pay rate if Plaintiff refused to accept a new job title; Requiring that Plaintiff accept a position she had already rejected as a condition of continuing her employment; Returning Plaintiff to work after a pandemic at a position with the lowest pay rate in the Defendant's Child Care and Day Camp Department.

53. Defendant's above-described actions were malicious, wanton and willful, gross and egregious, exhibited a conscious disregard of Plaintiff's rights, and had a great probability of causing harm.

54. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has been damaged and is entitled to compensation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded all lost earnings, compensation and benefits;

(d) That Plaintiff be awarded compensatory damages, including emotional distress;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded prejudgment interest;

(h) That Plaintiff be awarded reasonable attorneys' fees and costs;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

*/s/ Brennan C. Grayson*
Brennan C. Grayson (0084360)
Trial Attorney for Plaintiff
Cincinnati Workers Rights Project
215, East 14th Street
Cincinnati, Ohio  45202
PH: 513/621-5991
Brennan.grayson@gmail.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Brennan C. Grayson*
Brennan C. Grayson

9